

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SIDNEY GIPSON, et al.,            ]
                                  ]
         Plaintiffs,              ]
                                  ]
         vs.                      ]    2:08-CV-1421-LSC
                                  ]
THE JEFFERSON COUNTY              ]
SHERIFF'S OFFICE, et al.,         ]
                                  ]
         Defendants.              ]

MEMORANDUM OF OPINION

I.    Introduction.

The Court has for consideration a motion to dismiss filed by the

defendants, Mike Hale ("the Sheriff") and the Jefferson County Sheriff's

Office[1] (Doc. 17), and a motion to dismiss filed by the State of Alabama

---

[1]The Sheriff (Mike Hale) and the Jefferson County Sheriff's Office are named as defendants in this action.  According to Fed. R. Civ. P. 17(b), the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held."  *See also Dean v. Barber*, 951 F.2d 1210,1214 (11th Cir. 1992).  "Under Alabama law, a county sheriff's department lacks the capacity to be sued."  *Id*. at 1215 (citing *White v. Birchfield*, 582 So. 2d 1085, 1087 (Ala. 1991).  Because the Jefferson County Sheriff's Office is not an entity subject to suit, the Court will reference only a single defendant from this point forward—the Sheriff.

("the State")[2] (Doc. 23).   Plaintiffs are indigent individuals, subject to Alabama's Community Notification Act ("the Act"), Ala. Code § 15-20-20, *et seq.*, and currently incarcerated in the Jefferson County, Alabama jail. (Doc. 19.)  Plaintiffs claim they are entitled to release because they have served full sentences for crimes committed, but release is denied because they cannot afford to secure housing that complies with the residency restrictions in the Act.  (*Id*.)   Plaintiffs contend that their continued incarceration is unconstitutional, and they seek declaratory and injunctive relief, as well as available damages, costs, and attorney fees under 42 U.S.C. § 1983 ("§ 1983).  (*Id*.)   Defendant and the State maintain that Plaintiffs' § 1983 action is barred.  The Court agrees, as set forth below.

II.    Standard.

A defendant may move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff has failed to state a claim upon which relief may be granted. "The standard of review for a motion to dismiss is the same for the appellate court as it [is] for the trial court."

---

[2]On October 22, 2008, this Court issued a notification to the Attorney General of the State of Alabama that the constitutionality of a state statute was being questioned in this case.  (Doc. 21.)  The State subsequently appeared and filed its motion to dismiss.

*Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990).  To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint "does not need detailed factual allegations;" however, the "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).[3]  The plaintiff must plead "enough facts to state a claim that is plausible on its face."  *Id.* at 1974.

"When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its

---

[3]In *Bell Atlantic Corporation v. Twombly,* the United States Supreme Court abrogated the oft-cited standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Twombly,* 127 S. Ct. at 1968 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  The Supreme Court concluded that the "no set of facts" standard "is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 1960.

consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000)(quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)).  All "reasonable inferences" are drawn in favor of the plaintiff.  *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002).  "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003)(quoting *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)).  Furthermore, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on any possible theory." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364 (11th Cir. 1997).

III.   Discussion.

Plaintiffs' cause of action is, in their own words, an "attack[ on] their continued incarceration."  (Docs. 22 at 6; 25 at 2.)  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).   The U.S.

Supreme Court has held that "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983." *Id*. at 490.  In other words, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

In their Amended Complaint, Plaintiffs define themselves as individuals who "have been convicted of sexual crimes and/or violations of the sex offender registration law for which they have served sentences, but find they cannot be released from custody because they allegedly cannot provide jail officials with an address that will comply with the requirements of Ala[.] Code § 15-20-20[,] *et. seq*." (Doc. 15 at 1-2.)  Plaintiffs contend that they have served their time for the underlying criminal convictions for which they were originally jailed, and their continued confinement is solely the result

of the requirements and restrictions outlined in the Act.  It is undisputed by the parties that if Plaintiffs prevailed in this case, and the Act were declared unconstitutional, their current incarceration would be adjudged invalid.  The law, as expressed in *Wilkinson*, is clear.  Plaintiffs' § 1983 action is barred, and Plaintiffs must pursue relief individually through a writ of habeas corpus.

IV.    Conclusion.

Therefore, both motions to dismiss will be granted.  A separate order will be entered.

Done this 11th day of February 2009.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
139297